UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**KENNETH O'KEITH REED**                                                                 **PETITIONER**

**v.**                                               **CIVIL ACTION NO. 5:16-CV-P167- TBR**

**WARDEN AARON SMITH**                                                           **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

On October 18, 2016, Petitioner Kenneth O'Keith Reed initiated this action by filing a handwritten document titled "Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus" (DN 1). The Clerk of Court then sent Plaintiff a deficiency notice advising him that his petition had to be submitted on a Court-approved § 2241 form (DN 5). Plaintiff complied and submitted a § 2241 form on November 1, 2016 (DN 1-1). The form essentially referred the Court back to his original, handwritten petition.

### I. PRELIMINARY REVIEW

The Court must undertake a preliminary review of Plaintiff's § 2241 petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4, Rules Governing § 2254 Cases.[1] If so, the petition must be summarily dismissed. *Id.*; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that a district court has the duty to "screen out" petitions that lack merit on their face).

In Plaintiff's handwritten petition, he states that he is incarcerated at Kentucky State Reformatory. He then seems to indicate that he is challenging two separate state court convictions – a rape conviction from Christian County Circuit Court (Case No. 92-CR-00370),

---

[1] Though this petition is brought under § 2241 rather than § 2254, the Court may apply the Rules Governing § 2254 Cases to any petition seeking habeas corpus relief. See Rule 1(b), Rules Governing § 2254 Cases. Thus, the Court may apply Rule 4 to this case.

and a robbery conviction from Christian County Circuit Court (Case No. 93-CR-00232). Section 2241 is not the appropriate statutory vehicle for challenging a state-court conviction or sentence. *Lee v. Rios*, 360 F. App'x 625, 628 (6th Cir. 2010). Rather, § 2254 is the proper vehicle for challenging a state-court conviction. *See Atkins v. Michigan,* 644 F.2d 543, 546 n.1 (6th Cir. 1981) (Section 2254 affords relief to a petitioner "in custody pursuant to the judgment of a State court") (quoting 28 U.S.C. § 2254(a)). The Court will not re-characterize the petition as one brought pursuant to § 2254. Rather, the Court will dismiss this action without prejudice to avoid any adverse consequences with respect to any § 2254 claim Petitioner may choose to file in the future. *See, e.g.*, *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004); *see also Balcar v. Smith*, No. 3:16CV-P632-GNS, 2016 U.S. Dist. LEXIS 179743 (W.D. Ky. Dec. 29, 2016) (dismissing § 2241 petition without prejudice instead of converting to petition under § 2254) (same); *Warren v. Miller*, No. 1:05-cv651, 2005 U.S. Dist. LEXIS 28171 (W.D. Mich. Nov. 9, 2005) (same).

## II. CERTIFICATE OF APPEALABILITY

An individual who unsuccessfully petitions for a writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

### III. § 2254 CLAIMS

Finally, the Court **DIRECTS** the Clerk of Court to send Petitioner **two separate § 2254 packets** so that he may challenge one or both of the state court convictions mentioned above if he so chooses. Rule 2(e) of the Rules Governing Section 2254 Cases provides that a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Courts in other circuits, and at least one court in this circuit, have applied this rule to require a § 2254 petitioner to challenge separate state court judgments in separate petitions. *See, e.g.*, *Jackson v. Sloane*, No. 1:13-CV-1326, 2014 U.S. Dist. LEXIS 127878 (N.D. Ohio April 10, 2014) (dismissing without prejudice grounds for relief in a § 2254 petition that were based upon distinct state-court convictions); *Thrasher v. Missouri*, No. 4:12-CV-01828NAB, 2012 U.S. Dist. LEXIS 149097, *3 (E.D. Mo. Oct. 17, 2012) (Under Rule 2(e), "petitioner may not seek to overturn both his 1982 and 1992 convictions in the same habeas petition. As a result, the Court will dismiss petitioner's allegations regarding his 1992 conviction without prejudice."); *Gray v. Swarthout*, No. CIV S-10-2463 JAM EFB P, 2011 U.S. Dist. LEXIS 98570 (E.D. Cal. Sept. 1, 2011) (concluding that the petitioner's § 2254 petition should be dismissed because it challenged separate judgments

from the same county court);. Thus, if Petitioner chooses to challenge one or both of his state-court convictions through a § 2254 action, he should file a separate § 2254 petition for each challenged state-court judgment.

## IV. CONCLUSION

The Court will enter a dismissal Order consistent with this Memorandum Opinion.

Date:

cc:  Plaintiff, *pro se*
     Respondent
     Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
          1024 Capital Center Drive, Frankfort, KY 40601
4413.011